UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON STEWART, | CASE NO. C23-5786 BHS |
| Plaintiff, | ORDER |
| v. | |
| CITY OF TACOMA, | |
| Defendant. | |

This matter is before the Court on plaintiff Aaron Stewart's motions to modify the case schedule and amend his second amended complaint, Dkt. 73, and for relief from deadline under Rule 56(d), Dkt. 88.

## I.  BACKGROUND

In 2019, Stewart stored what he now claims was $2.75 million worth of legal hemp in a rented storage unit. *See* Dkt. 41, ¶ 10. Stewart defaulted on his rental payments in 2021. Storage facility employees opened the unit and found 100 plastic bins of what they believed to be marijuana. Dkt. 27-1. Tacoma Police officers destroyed the contents of the storage unit. *Id.*; Dkt. 41.

ORDER - 1

The legal owner of the contents of the storage unit was Tierra Harvest, LLC. Dkt. 82, Stewart Decl. at 58. Stewart is its sole member. Dkt. 73 at 1. Tierra Harvest was administratively dissolved in 2021 because Stewart failed to pay the filing fee to the Secretary of State.

In April 2023, acting pro se, Stewart sued Tacoma in Pierce County Superior Court. Dkt. 1-2. He asserted conversion, negligence, and 42 U.S.C. § 1983 claims for violations of his due process and Fourth Amendment rights. Dkt. 1-2. Tacoma removed the matter to this Court based on the § 1983 claim. Dkt. 1 at 1–2.

In July 2023, Stewart hired legal counsel and in August 2023, amended his complaint with Tacoma's consent. Dkt. 1 at 6.

In May 2024, Stewart approached Tacoma about adding Tierra Harvest as a plaintiff. Dkt. 82 at 2, 21. He shared a red-lined draft second amended complaint with Tacoma that includes Tierra Harvest as an additional plaintiff. *Id.* Tacoma did not agree to the amendment, based on the LLC's dissolved status. *Id.* at 38.

On June 11, 2024, Stewart paid reinstatement and late registration fees, and Tierra Harvest was reinstated. *Id.* at 50–52.

Tacoma's attorney explained that it still opposed adding the LLC as a new plaintiff: "I don't understand the legal purpose of resurrecting a business in order to make it a plaintiff. Without any additional information or a better understanding of plaintiff's reasoning for the change, that addition appears futile as it does not change the legal landscape in anyway . . . without additional information, it's likely the City will oppose the addition of another plaintiff." Dkt. 74 at 17.

ORDER - 2

1    The parties stipulated to an amended complaint that did not include Tierra Harvest
2  as a party, and on June 18, 2024, Stewart filed his second amended complaint. Dkts. 39,
3  41. He claims he did not add the LLC because of Tacoma's position that "adding the LLC
4  was unnecessary and wouldn't matter." Dkt. 83 at 2.

5    Tacoma's answer to Stewart's second amended complaint asserted standing as an
6  affirmative defense. Dkt. 44.

7    The Court's October 8, 2024, scheduling order set November 7, 2024, as the
8  deadline for filing motions to join parties, and November 18, 2024, as the deadline for
9  amending pleadings. Dkt. 67.

10   In December 2024, Tacoma responded to Stewart's first interrogatories and
11 expressly raised the issue of Tierra Harvest's ownership: "the unit was exclusively
12 comprised [of] hemp grown and owned by Tierra Harvest. Tierra Harvest is not a party to
13 this suit." Dkt. 71 at 58–59.

14   Tacoma's pending summary judgment motion is based in part on Stewart's lack of
15 ownership of the contents of the storage unit. Dkt. 85. Tacoma supports its motion with a
16 declaration by Patricia Ehrlich of the Washington State Department of Agriculture
17 (WSDA). Dkt. 87. Ehrlich states Tierra Harvest is the named licensee on a WSDA issued
18 license for industrial hemp production. *Id.*

1    Stewart moves to modify the case schedule and for leave to file a fourth version of

2   his complaint to add Tierra Harvest as a plaintiff.[1] Dkt. 73. He argues he has been

3   reasonably diligent and has good cause to add Tierra Harvest—to address standing. *Id.*

4    Stewart also seeks relief under Rule 56(d) from his deadline to respond to

5   Tacoma's summary judgment motion. Dkt. 88. Because the 30(b)(6) deposition was

6   delayed due to Tacoma's request for a protective order,[2] Dkt. 70, Stewart contends he

7   needs time to depose Tacoma officials on "the City's policies and procedures that are

8   relevant to confiscating a large quantity of industrial hemp" for his *Monell* claim. *Id.* at 2.

9   He also seeks to depose Ehrlich, who he claims will provide evidence that Tacoma Police

10  officers did not have authority under WSDA's regulations to destroy the hemp. Dkt. 92 at

11  5.

12                      **II.   DISCUSSION**

13  **A.    Motion to Modify Case Schedule and for Leave to Amend**

14    Under Fed. R. Civ. P. 15(a)(2), a party may amend their pleadings before trial with

15  leave from the court, which "should be freely give[n] . . . when justice so requires." In

16  determining whether to grant leave to amend under Rule 15, the Court considers five

17  factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment,

18

---

19    [1] Stewart also asserts he will "clean up pleadings by . . . remov[ing] claims against
    dismissed defendants Extra Space Storage and Pierce County." Dkt. 73 at 2. Stewart voluntarily
20  dismissed Pierce County, Dkt. 54, and the Court dismissed Extra Space Storage on summary
    judgment, Dkt. 49. The docket already reflects these dismissals.

21    [2] On February 28, 2025, the Court issued a protective order precluding Stewart from
    deposing Tacoma officials on several topics not appropriate for a 30(b)(6) deposition, including
22  overbroad inquiries into Tacoma's affirmative defenses. Dkt. 96.

and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord* Local Rules, W.D. Wash., LCR 16(b)(6). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

"The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). *See DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (2017) (district court's decision to deny leave to amend was not abuse of discretion where plaintiff had "ample notice" of defendant's standing defense and "failed to exercise diligence").

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decision regarding the preclusive effect of a pretrial order . . . will not

ORDER - 5

be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Stewart was not diligent in adding Tierra Harvest as a plaintiff. He contemplated adding Tierra Harvest as early as May 2024; his draft second amended complaint even included the LLC as an additional plaintiff. While Tacoma's counsel believed "the addition appear[ed] futile," she invited more information to "better understand[] . . . plaintiff's reasoning for the change." Dkt. 74 at 17. Stewart could have timely asked the Court for leave to amend under Rule 15's more liberal standard, and explain why the amendment was important. His claimed reliance on Tacoma's "position that adding the LLC was unnecessary" is no excuse for Stewart's lack of diligence.

Tacoma may not have referred to Tierra Harvest by name until December 2024, but it asserted standing as an affirmative defense in June 2024. Stewart had "ample notice of the defense" and did not seek to add Tierra Harvest as a plaintiff until January 2025, six months later. *DRK Photo*, 870 F.3d at 989. The deadline for joining parties and amending pleadings had already passed. Dkt. 67.

Because Stewart was not diligent in seeking modification of the case schedule, the Court's inquiry stops here. *Zivkovic*, 302 F.3d at 1087. Stewart's motion to modify the case schedule and for leave to amend the complaint to add a plaintiff is **DENIED**.

**B.    Motion for Relief from Deadline under Rule 56(d)**

Under Rule 56(d), if the nonmoving party on a summary judgment motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Empl'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). "'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Id.* (quoting *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). A Rule 56(d) continuance on a summary judgment motion "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (internal quotation marks omitted).

In view of the deferential Rule 56(d) standard, Stewart's motion for relief from deadline is **GRANTED**.

The Court notes that Stewart has filed a partial response, Dkt. 94, to Tacoma's motion for summary judgment, Dkt. 85. In light of this Order, Stewart may file a new response of no more than 4,200 words on the single issue of standing by **March 17, 2025**. Tacoma may reply by **March 21, 2025**.

Stewart may conduct additional discovery and provide supplemental briefing on the remaining issues by **April 4, 2025**. Tacoma's motion for summary judgment on the remaining issues, Dkt. 85, is re-noted for **April 11, 2025**.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge