HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

AARON STEWART, an individual,

Plaintiff,

vs.

CITY OF TACOMA, a public entity,

Defendant.

No. 3:23-cv-05786-BHS

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND TO ADD A PLAINTIFF [DKT. 102]

Noted for: March 14, 2025

Plaintiff argued FRCP 17(a)(3) in support of his motion to amend. (Dkt. 73 at 5.) In its order denying the motion (Dkt. 102), the Court did not address the real party in interest argument or consider the interplay between Rule 16(b)(4) and Rule 17(a)(3). "[A] plaintiff who satisfies Rule 17(a)(3) has satisfied Rule 16(b)(4) as well." *Harrison v. Forde*, 594 F.Supp.3d 1291, 1300-1301 (S.D. Ala. 2022). Because the record shows Plaintiff satisfies Rule 17(a)(3), the Court should reconsider and find he also satisfies Rule 16(b)(4)'s "good cause" requirement as well.

**A. FRCP 17(a)(3) allows ratification, joinder, or substitution.**

> (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND TO ADD A PLAINTIFF [DKT. 102]

PAGE - 1 -

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. Rules Civ. Proc Rule (FRCP) 17(a)(3).

This case began in Pierce County Superior Court on April 11, 2023, and an Amended Complaint was served on COT on August 14, 2023. (Dkt. 1 at Ex. A.) COT filed a Notice of Removal on August 31, 2023 stating that this Court has jurisdiction. (Dkt. 1.) Not until June 25, 2024, did COT raise as an affirmative defense "that the plaintiff lacks standing to sue for some, or all of the relief sought herein." (Dkt. 44 ¶ 80.) Although "standing" is mentioned there was no mention or objection that Plaintiff is not the "real party in interest." This Court is also aware two weeks before filing its answer COT first mentioned standing when its attorney stated in an email that she did not believe there was any legal purpose to adding Tierra Harvest, LLC since adding the LLC would not "change the legal landscape in anyway (sic)." (Dkt. 74 at 17 (Ex. 2).)

When referring to standing, COT's theory since the outset of litigation has been that Mr. Stewart lacks standing due to the contractual issue of abandonment on the Extra Space contract he signed in his personal capacity. COT's Motion for Summary Judgment only refers to standing as it applies to abandonment. (Dkt. 85.) COT counsel's letter stated: "In light of the Court's July 9th Order[1], it is the City's position any property obtained by the Tacoma Police Department under the terms of the Agreement, was the property of Extra Space. As such, the property no longer belonged to Plaintiff on April 14, 2021, and he has no standing to bring *any*

---

[1] Dkt. 49

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND TO ADD A PLAINTIFF [DKT. 102]

PAGE - 2 -

**KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

*claims* associated with this incident." (Dkt. 82, Ex. H at 54.). COT's Response in Opposition ties standing solely to contractual issues of abandonment. (Dkt. 81 at 4, 11-13.).

The only time COT hinted at Plaintiff possibly not being the correct party (as between him and his LLC) was its answer to discovery served on Plaintiff on December 19, 2024, which still failed to explicitly mention "real party in interest" and merely provided grounds for such a defense. (Dkt. 74 at 9 (Ex. A).) ("Tierra Harvest is not a party to this suit."). Within approximately three weeks, Plaintiff moved to add the LLC as a plaintiff. (Dkt. 73.)

1. **Under FRCP 17(a)(3), alleging "lack of standing" as an affirmative defense is not an adequate objection to put Plaintiff on notice of a "real party in interest" objection.**

As stated in FRCP 17(a)(3), an objection by the defendant is required. An "objection" is "[a] formal statement opposing something that has occurred, or is about to occur." *Black's Law Dictionary* (11th ed. 2019). A court may not dismiss "until, after an objection, a reasonable time has been allowed the plaintiff to rectify the situation." *Harrison*, 594 F. Supp. 3d at 1295 (internal quotations omitted).

In *Harrison*, the defendant's answer asserted lack of standing and failure to name an indispensable party as affirmative defenses. The court held that neither defense rose to the level of an objection under Rule 17(a)(3). *Id*. at 195-96 ("Because the answer does not specify what form of standing is being challenged, it is inherently ambiguous and thus incapable of constituting an objection for purposes of Rule 17(a)."). Since the time to amend had passed, the court analyzed Rules 17(a)(3) and 16(b)(4):

> Resolution of the issue requires amendment of the complaint — to join a party, to substitute a party, or to allege ratification or assignment. To preclude an amendment that is offered within a reasonable time after objection and that otherwise satisfies Rule 17(a)(3), based only on Rule 16(b)(4), would be to allow a defendant to obtain dismissal for failure to prosecute in the name

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER
DENYING LEAVE TO AMEND TO ADD
A PLAINTIFF [DKT. 102]

PAGE - 3 -

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

of the real party in interest, in direct violation of Rule 17(a)(3). In this case, for example, the defendant would be free to pursue and — depending on the evidence and law presented on his pending motion for summary judgment — obtain dismissal of the plaintiff's contract, conversion, and equitable claims on the grounds that Helenbak and Cathexis, rather than the plaintiff, are the real parties in interest, despite the exceptionless protection Rule 17(a)(3) offers the plaintiff from such a result based on his compliance with that rule.

…Rule 17(a)(3)'s prohibition on dismissal on real-party-in-interest grounds, until a reasonable time after the defendant raises that objection, was "added simply in the interests of justice" and to "insure against forfeiture and injustice." Fed. R. Civ. P. advisory committee's note to 1966 amendment. Permitting such dismissal based on Rule 16(b)(4) despite a plaintiff's satisfaction of Rule 17(a)(3) would appear contrary to the very interests of justice and non-forfeiture the latter rule was designed to protect. This is especially so given that such a regime would affirmatively encourage defendants to deliberately withhold known Rule 17(a)(3) objections past the Rule 16(b) deadline, for the specific purpose of defeating under the latter rule an amendment plainly allowed by the former.

*Id.*

Regarding FRCP 16's "good cause" standard that relies on the moving party's diligence, which is what this Court relied on to deny Plaintiff's motion, the *Harris* court opined:

[T]he "good cause" standard of Rule 16(b)(4) hinges on the party's diligence. What constitutes diligence depends on the circumstances. ***In the context of a real-party-in-interest issue, the relevant circumstance is the triggering event of a defendant's objection.*** Because failure to prosecute in the name of the real party in interest is an affirmative defense, and because "[a] complaint need not anticipate and negate affirmative defenses," the plaintiff need not address the issue in his pleading until and unless the defendant properly raises the defense. Once the defendant has done so and thereby registered an objection, the plaintiff must act diligently to address the issue, and Rule 17(a)(3) captures that requirement in its "reasonable time" limitation. ***Thus, a plaintiff who satisfies Rule 17(a)(3) has satisfied Rule 16(b)(4) as well.***

*Id.* at 1300-1301 (emphasis added; footnotes omitted).

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND TO ADD A PLAINTIFF [DKT. 102]    PAGE - 4 -

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
Robert B. Kornfeld, Inc., P.S.
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

Here, though its objection did not specify "real party in interest," COT first asserted the substantive grounds for that defense on December 19, 2024. (Dkt. 74 at 9.) Within three weeks, Plaintiff filed his motion to add the LLC in part pursuant to FRCP 17(a)(3). (Dkt. 73 at ¶C, pp. 5-6.) The reason for bringing the motion promptly was to avoid complications later should COT move for a "real party in interest" dismissal based on Rule 17. *Cf. Marine Office of America v. Lilac Marine Corp.*, 296 F.Supp.2d 91, 99 (D. P.R. 2003) (defendants who did not allege real party in interest as affirmative defense, claiming they learned of grounds during discovery, who merely gave notice of the grounds in a proposed pre-trial order, allowed to urge dismissal based on real party in interest two years after filing answer).

**B.  *DRK Photo* is materially different from this case.**

The Court relied on the *DRK Photo* case. (Dkt. 102 at 5-6.) There the Ninth Circuit held:

> The district court did not abuse its discretion in determining that DRK was not diligent in seeking leave to amend. As the district court highlighted, ***McGraw-Hill raised standing as an affirmative defense in its answer less than one month after the litigation was initiated and nearly two years before DRK finally sought leave to amend.*** McGraw-Hill again raised its standing argument in the parties' Joint Case Management Report prior to the entry of the scheduling order. And, DRK's claims were dismissed in a parallel litigation on the very standing theory that McGraw-Hill raised in this case. ***Yet, DRK waited until after the adverse grant of summary judgment to seek leave to amend.***

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017) (emphasis added).

The statutory standing in *DRK Photo* is unlike the standing issue involved here. "[T]he concept of statutory standing…is perhaps best understood as not even standing at all…[T]he statutory standing inquiry [is] whether the plaintiff is a member of the class given authority by a statute to bring suit..." *CGM, LLC v. Bellsouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir.

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER
DENYING LEAVE TO AMEND TO ADD
A PLAINTIFF [DKT. 102]                    PAGE - 5 -

**KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

2011) (internal quotations and citation omitted). In *DRK Photo* there was no ambiguity about the kind of standing required in two parallel copyright cases. *Id*. at 982-83. Under § 501(b) of the Copyright Act, only a legal owner or a beneficial owner has standing to sue for copyright infringement. *Id*. There was no issue about whether the plaintiff, a sole proprietorship, was the real party in interest.

"[D]ifferent kinds of actions require different concepts of standing..." *Northeast Airlines, Inc. v. Nationwide Charters & Conv., Inc.*, 286 F. Supp. 362, 365 (D. Mass. 1968), *aff'd in pt., rev'd in pt. on other grounds*, 413 F.2d 335 (1st Cir. 1969).

> Though all are termed "standing," the differences between statutory, constitutional, and prudential standing are important. Constitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing. Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded this injured plaintiff the right to sue the defendant to redress his injury.

*CGM, LLC*, 664 F.3d at 52 (quoting *Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)).

Because COT's answer did not "specify what form of standing is being challenged, it is inherently ambiguous and thus incapable of constituting an objection for purposes of Rule 17(a)." *See Harrison*, 594 F.Supp.3d at 1296 & n.7 (noting "there are multiple strands of prudential standing" and failure to specify the strand involving the bar on suing to enforce the rights of third parties made answer "too ambiguous" to constitute an objection). COT failed to unpack its "lack of standing" defense until it moved for summary judgment based on Fourth Amendment standing (Dkt. 85at §2), which has its own unique formulation:

> To establish standing to challenge an illegal search and seek suppression of evidence unlawfully obtained, a defendant must show that he personally had a property interest protected by the Fourth Amendment that was interfered with ..., or a reasonable expectation of privacy that was invaded by the search.

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER
DENYING LEAVE TO AMEND TO ADD
A PLAINTIFF [DKT. 102]                    PAGE - 6 -

KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC
Robert B. Kornfeld, Inc., P.S.
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

*United States v. Fisher*, 56 F.4th 673, 686 (9th Cir. 2022) (internal quotations and citations omitted); *see also Lavan v. City of Los Angeles*, 693 F.3d 1022, 1028-29 (9th Cir. 2012) (affirming rule that possessory interest alone, even if expectation of privacy has been completely extinguished, is all that is required to provide standing to challenge seizure of property).

Unlike *DRK*, COT raised standing for the first time approximately a year after litigation commenced. Plaintiff's motion to add the LLC was not after an adverse summary judgment ruling—it was within three weeks of COT's answers to discovery. The motion to add the LLC was made within a reasonable time after COT objected.

Reasonable diligence should not be determined without considering the real party in interest implications that weigh in favor of finding "good cause."

> Procedure is a means to an end, not an end in itself—the handmaid rather than the mistress of justice. While district courts enjoy a wide latitude of discretion in case management, this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as to secure the just, speedy, and inexpensive determination of every action and proceeding.

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1254-55 (9th Cir. 2010) (internal quotations and citations omitted) (reversing denial of "good cause" for Rule 6 extension).

Plaintiff's motion for reconsideration should be granted to allow adding the LLC as a plaintiff.

//

//

//

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER
DENYING LEAVE TO AMEND TO ADD
A PLAINTIFF [DKT. 102]

PAGE - 7 -

**KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC**
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

//

//

DATED this 14th day of March, 2025.

I certify that this memorandum contains 2093 words, in compliance with the Local Civil Rules.

KORNFELD TRUDELL BOWEN
& LINDQUIST, PLLC

Neil T. Lindquist, WSBA# 52111
Attorney for Plaintiff


LAW OFFICE OF JOSEPH ROME


_/s/ Joseph Rome_
Joseph Rome, WSBA #37651
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER
DENYING LEAVE TO AMEND TO ADD
A PLAINTIFF [DKT. 102]

PAGE - 8 -

**KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC**
**Robert B. Kornfeld, Inc., P.S.**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the state of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On this date I caused to be served in the manner noted below a copy of the documents attached hereto on:

Michelle Nicole Yotter
Tacoma Municipal Building
747 Market Street, Room 1120
Tacoma, WA  98402
Attorney for: City of Tacoma

[X]   via e-mail
[  ]   via mail
[  ]   via messenger

DATED this 14th day of March, 2025.

KORNFELD TRUDELL BOWEN
& LINDQUIST, PLLC

_____
Heather Doss

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND TO ADD A PLAINTIFF [DKT. 102]

PAGE - 9 -

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
Robert B. Kornfeld, Inc., P.S.
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com