UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON STEWART,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF TACOMA,<br><br>            Defendant. | CASE NO. C23-5786 BHS<br><br>ORDER |

This matter is before the Court on plaintiff Aaron Stewart's motion for reconsideration, Dkt. 104, of the Court's Order, Dkt. 102, denying Stewart leave to add Tierra Harvest, LLC as a plaintiff. The Court concluded that Stewart had not been diligent in seeking to add the LLC because he had ample time to do so after Tacoma raised standing as an affirmative defense in its June 2024 answer to Stewart's second amended complaint. *Id.*

Stewart argues that Tacoma did not "object" to his failure to name the LLC as the real party in interest until December 2024, and that he promptly sought to do so in January. Dkt. 104 at 1–2 (citing Federal Rule of Civil Procedure 17(a)(3)).

ORDER - 1

1       Under this District's local rules, motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

      Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

      Stewart argues, persuasively, that the "standing" issue Tacoma raised in June 2024 related to "the contractual issue of abandonment," not to the LLC's status as owner.

*Id.* at 2–3. In support, he cites a July 2024 email he received from Tacoma that asserts "Plaintiff's property is deemed to be abandoned allowing Extra Space to dispose of the property . . . the property no longer belonged to Plaintiff on April 14, 2021, and he has no standing to bring *any claims* associated with this incident." Dkt. 82, Exhibit H at 54; Dkt. 104 at 3. Because he was moved to add the LLC within a month of Tacoma's objection, he argues he satisfies Rule 17(a)(3) and thus, meets Rule 16(b)(4)'s "good cause" requirement for modifying a case schedule and adding a party. Dkt. 106 at 1–2, 6 (citing *Harrison v. Forde*, 594 F.Supp.3d 1291 (S.D. Ala. 2022)).

The Court agrees. Stewart raised Rule 17 in his motion to amend, Dkt. 73. The Court's prior Order misapprehended the nature of Tacoma's standing defense. Throughout this case, Tacoma's grounds for asserting lack of standing have been, and remain, that Stewart lacks standing because any possessory interest in the hemp was lost when it was abandoned. Dkt. 82 at 54; Dkt. 85 at 9–10. It asserted, for the first time, in December 2024 that Tierra Harvest was not a party to this case. Dkt. 71 at 58.

Stewart's request to add Tierra Harvest was timely under Rule 17(a)(3) and therefore, for good cause under Rule 16(b)(4). His motion for reconsideration is **GRANTED**.

Tacoma asks the Court to award costs and reset pretrial deadlines for "additional discovery and unnecessary and avoidable expense" associated with adding Tierra Harvest. Dkt. 110 at 6–7. The Court **RESERVES RULING** on costs and resetting pretrial deadlines until and unless Tacoma demonstrates it conducted substantial discovery as to Tierra Harvest's addition as a plaintiff.

1 **IT IS SO ORDERED.**

2 Dated this 8th day of April, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge